IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RALPH F. RENTZELL                         :
                                          :              CIVIL ACTION
        v.                                :
                                          :              10-4270
DOLLAR TREE STORES, INC.                  :


**SURRICK, J.**                                          **SEPTEMBER 29, 2011**

<u>**MEMORANDUM**</u>

Presently before the Court is Defendant Dollar Tree Stores, Inc.'s Motion to Partially

Dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No.

5.)  For the following reasons, the Motion will be granted.

**I.     BACKGROUND**[1]

Plaintiff Ralph Rentzell is a former Store Manager for Defendant.  (Compl. ¶¶ 4-5, ECF

No. 1.)  In 2007, Defendant terminated Plaintiff as an employee upon the advice,

recommendation and insistence of Mari Ann Holohon, who was employed by Defendant first as

a Store Manager and subsequently as a District Manager.  (*Id.* at ¶¶ 3, 5.)  Since being terminated

in 2007, Plaintiff has applied for "hundreds of jobs" without success.  (*Id.* at ¶ 7.)

On March 15, 2010, Plaintiff hired Totally Confidential Investigations, Inc. to determine

whether Defendant was the cause of his inability to secure employment.  (*Id.* at ¶ 8.)  The

investigator discovered that Defendant, through its agents, servants and employers, had been

---

[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6), all factual allegations are viewed in the light most favorable to Plaintiff, the nonmoving party.  *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("When assessing whether the complaint satisfies [the 12(b)(6)] standard, courts must treat a complaint's allegations as true.").

intentionally "making false and scurrilous comments about Plaintiff's prior job performance" to third parties from 2007 to 2010, thereby sabotaging Plaintiff's effort to secure new employment. (*Id.* at ¶¶ 9, 23.)  Specifically, Defendant stated orally that Plaintiff was a "no hire," suffered from a personality defect, was incompetent, possessed an "annoying" personality, was an unreliable employee, and possessed no job skills or technical skills.  (*Id.* at ¶ 11.)

Plaintiff commenced this action on August 23, 2010, alleging causes of action for defamation, negligence, and tortious interference with a contract.  Count Two alleges that Defendant was negligent by failing to follow its policy restricting what its agents may say to third parties concerning an ex-employee.  (*Id.* at ¶¶ 21, 25.)  In particular, Plaintiff contends that (i) Defendant failed to monitor this policy, (ii) Defendant failed to control its agent, Holohon, (iii) Defendant failed to investigate Holohon after receiving notice of her intentional efforts to sabotage Plaintiff's efforts to secure new employment, and (iv) Defendant failed to contact prospective employers of Plaintiff and retract the false information provided to them by Holohon. (*Id.* at ¶ 25.)  Based on the alleged negligence by Defendant, Plaintiff seeks damages resulting from loss of past and future income, benefits, commissions and earnings and future earnings capacity, and damages for mental suffering.  (*Id.* at ¶¶ 26-28.)  Plaintiff also seeks punitive damages.  (*Id.* at ¶ 29.)  On September 15, 2010, Defendant filed the instant Motion seeking dismissal of Plaintiff's negligence claim.  (Def.'s Mot., ECF No. 5.)  Plaintiff has opposed the Motion.  (Pl.'s Br., ECF No. 6.)

## II.    LEGAL STANDARD

A complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
*Ashcroft*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
Courts need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by
mere conclusory statements . . . ." *Id.*  "While legal conclusions can provide the framework of a
complaint, they must be supported by factual allegations."  *Id.* at 1950.  This "'does not impose a
probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a
reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips*,
515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

## III.  DISCUSSION

Defendant moves to dismiss Plaintiff's negligence claim on grounds that the economic
loss doctrine applies and therefore bars this claim.  (Def.'s Br. 5, ECF No. 5.)  Plaintiff contends
that he is asserting a tort, and not a contract, claim and that the economic loss doctrine does not
apply because Plaintiff's negligence claim is based on injury to Plaintiff's reputation and "a
person enjoys a property interest in his reputation."  (Pl.'s Br. 5.)

In Pennsylvania, the economic loss doctrine "provides that no cause of action exists for
negligence that results solely in economic damages unaccompanied by physical or property
damage."  *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 175 (3d Cir. 2008)
(quoting *Adams v. Copper Beach Townhome Cmtys., L.P.*, 816 A.2d 301, 305 (Pa. Super. Ct.
2003)).  As explained by one Pennsylvania appellate court:

> To allow a cause of action for negligent cause of purely economic loss would be to
> open the door to every person in the economic chain of the negligent person or
> business to bring a cause of action.  Such an outstanding burden is clearly
> inappropriate and a danger to our economic system.

*Aikens v. Baltimore & Ohio R.R. Co.*, 501 A.2d 277, 279 (Pa. Super. Ct. 1985).  "[F]ederal courts within the Third Circuit have repeatedly granted Rule 12(b)(6) dismissals of cases under the economic loss doctrine."  *Knit With v. Knitting Fever, Inc.*, No. 08-4221, 08-4775, 2009 WL 3427054, at *8 (E.D. Pa. Oct. 20, 2009); *see also Constar, Inc. v. Nat'l Distrib. Ctrs.*, 101 F. Supp. 2d 319, 322-23 (E.D. Pa. 2000) (finding economic loss doctrine barred negligence claim on motion to dismiss); *Hemispherx Biopharma, Inc. v. Asensio*, No. 98-5204, 1999 WL 144109, at *14 (E.D. Pa. Mar. 15, 1999) (same).

    We agree with Defendant that the economic loss doctrine applies here and bars Plaintiff's negligence claim since Plaintiff has failed to allege any physical injury or property damage. Although Plaintiff argues that he suffered an injury to property in the form of injury to his reputation (Pl.'s Br. 5), courts have held that harm to reputation constitutes economic loss, not injury to person or property.  *See, e.g.*, *Ferki v. Wells Fargo Bank, N.A.*, No. 10-2756, 2010 WL 5174406, at *10 (E.D. Pa. Dec. 20, 2010) (noting that damage to professional reputation does not constitute injury to person or property); *Valley Forge Convention & Visitors Bureau v. Visitor's Servs., Inc.*, 28 F. Supp. 2d 947, 951 (E.D. Pa. 1998) (citing cases in which this Court has held that loss of good will or reputation constitutes economic loss, not damage to person or property).[2] Because Plaintiff's claim of negligence results solely in economic loss and there has been no

---

[2] Plaintiff cites *American Future Systems, Inc. v. Better Business Bureau of Eastern Pennsylvania*, 923 A.2d 389 (2007), for the proposition that damage to one's reputation constitutes property damage.  *American Future Systems* is inapposite.  It does not address whether damage to one's reputation constitutes property damage in the context of applicability of the economic loss doctrine to a negligence claim.  (*See* Pl.'s Br. 5 ("[The Pennsylvania] charter places reputational interests on the highest plane, that is, on the same level as those pertaining to life, liberty, and property.").)

allegation of physical or property damage, we must dismiss Count Two of the Complaint.[3]

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion will be granted.

An appropriate Order follows.

BY THE COURT:

_____

**R. BARCLAY SURRICK, J.**

---

[3] Plaintiff also appears to argue that the economic loss doctrine should not apply because his negligence claim is based on a tort, and not on a contract, claim.  (*See* Pl.'s Br. 5 ("However, Plaintiff filed suit directly under a defamation/slander.  The Plaintiff has not sued for breach of contract.").)  Courts, however, have applied the economic loss doctrine to and barred negligence claims based on an underlying tort.  *See, e.g.*, *KBT Corp. v. Ceridian Corp.*, 966 F. Supp. 369, 377-78 (E.D. Pa. 1997) (applying economic loss doctrine to and dismissing negligence claim based on alleged dissemination of negligently collected data that reflected poorly on the plaintiff).